Brinker.hoee, J.
The question thus made, and the decisión of which in the affirmative by the distinct court is assigned for error, is this: Where a testator is the owner of real and personal property in one of the counties of this state, and, at the time of his death, is actually domiciled in such county, has the probate *446 court of any other county of the state jurisdiction to issue letters testamentary on the will of the testator ?
The first section of the act of March 23, 1840, “to provide for the settlement of the estates of deceased persons,” gives an explicit answer to this question, unless it appears to have been repealed or modified by subsequent legislation. It provides, “ That upon the decease of any inhabitant of this state, letters testamentary or letters of administration on his estate, shall be granted by the court of common pleas of the county in which the deceased was an inhabitant or resident at the time of his death,” etc. 1 Curwen’s Stat. 708. And it is not claimed but that the provisions of this section, originally applicable to the courts of common pleas of the respective counties of this state, now apply directly to the probate courts of the counties respectively, which, by subsequent constitutional and legislative provisions, have become the successors of the courts of common pleas in matters of probate jurisdiction.
The second section of the same act provides, that “ When any will shall be duly proved and allowed the court of common pleas shall issue letters testamentary thereon to the executor,” etc.
Now this section, viewed, as it must be, in connection with the provisions of the preceding section mean, it seems to us, no more than this—that when the will is duly proved and allowed', in conformity to the provisions of the preceding section, then letters testamentary shall issue thereon.
But the same day on which the act above cited was passed, there was also passed another act, to wit, the “act relating to wills” (1 Curwen’s Stat. 685), the seventh section of which provides, that “ If any real or personal estate shall be devised or bequeathed by the last will, the executors to such will, or any person interested therein, may cause the same to be ^brought before the court of common pleas of the county in which such estate may be,” etc. And the sixteenth section of the same act provides, that “ If it shall appear that such will was duly attested and executed, and that the. testator, at the time of executing the same, was of full age, and of sound mind and memory, and not under any restraint, the court shall admit the will to probate.”
This act was repealed and superseded by the “ act relating to wills,” etc., of May 3, 1852 (3 Cur. Stat. 1898), and now in force; but the seventh and fifteenth sections of the latter act are, verbatim, the same as the seventh and sixteenth sections of the former. And *447 it is urged and argued, on the part of the defendants in error, that as the jurisdiction to issue letters testamentary is incidental to the jurisdiction to admit a will to probate, therefore letters testamentary may issue from any probate court which is authorized to admit the will to probate. However this may be, as a general rule, and elsewhere than in Ohio, we are of opinion that it is not so in this state.
The first section of the act 11 to provide for the settlement of the estates of deceased persons,” is peremptory and explicit, “that, upon the death of any inhabitant of this state, letters testamentary,” etc., “on his estate, shall be granted by the court,” etc., “of the county of which the deceased was an inhabitant or resident at the time of his death,” etc. And although both the contemporaneous and subsequent acts “relating to wills,” provide for and authorize the proof of wills in any county of the state in which the testator may have left real or personal estate, those acts are silent in respect to the issue of letters testamentary in such case. There is no necessary repugnancy, either literal or practical, between the provisions of the two acts. The will may be proved in any county in which the testator left either real or personal estate, and good reasons may be conceived of why this ought to be so; but letters testamentary shall issue only in the county of his domicil at the time of his death, and good reasons for this may be supposed. And it seems to us that no practical difficulty can properly result from this legislation. For, if the will be probated in a county in which the testator left real or ^personal estate, in a county in which he was not domiciled at the time of his death, and his will is, in the first place, probated there, it seems'to us that a producing of an authenticated transcript of the proceedings in such probate of the will, to the probate court of the county in which he was domiciled at the time of his death, would authorize the latter to issue letters testamentary thereon, and to direct and control, in accordance with law, the settlement of the estate of the testator.
These conclusions, it seems to me, are strengthened by the following consideration: The 26th, 27th, 28th, and 29th sections of the wills act last above referred to, provide for the probate of the wills of persons who were not resident in this state, in any county of this state in which they may have left property; and the 30th section provides expressly, that on proof of such foreign will being made, the court may grant letters testamentary. And this express *448 provision in respect to the grant of letters testamentary on foreign wills, and silence in respect to the grant of letters on domestic wills, when proved elsewhere than in the county of the testator’s domicil, is significant, and tends to show that such silence was not the result of oversight.
The judgment of the district court will be reversed, and that of the common pleas affirmed.
Scott, C. J., and Day, White, and Welch, JJ., concurred.